UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

In re

    Will Foods, LLC

                        Alleged Debtor

-----------------------------------------------------------------

NOT FOR PUBLICATION

Case No. 17-10754 K
Involuntary Chapter 7

## DECISION AND ORDER

The issue is whether an involuntary petition filed by only one creditor (but later joined by other creditors) should/must/might be dismissed so as to place potentially preferential transfers beyond the reach of 11 U.S.C. §547.

Obviously, "No", unless an evidentiary hearing establishes a lack of good faith in the filing.

The parties seem to agree that the Second Circuit case of *Lubow Machine Co., Inc. v. Bayshore Wire Products Corp. (In re Bayshore Wire Products Corp.)*, 209 F.3d 100 (2000) applies. The Court disagrees. *Lubow* applies only to 11 U.S.C. §303(i)(2), not to the application of Fed. R. Bankr. P.1003(b).

That Rule, and especially the Court's own Order dated May 8, 2017 are matters left to the discretion of the Court, guided by the equities of the case. Of course, the inquiry must begin (as do all inquiries into equity) with whether judicial relief has been sought in good faith. The affidavit by Marcus Miller makes a prima facie showing in that regard, but Will Foods, LLC (hereinafter "Will") is entitled to examine him under oath at an evidentiary hearing.

The Court is especially intrigued by his allegation that Amick Farms LLC's (hereinafter "Amick") perishable product was being ordered and received by Will on credit, and then sold for the benefit of M&T Bank (hereinafter "M&T"), after Will stopped paying Amick's invoices.

Perhaps M&T was "in control" of Will for purposes of Rule 9001(5)(A), such that M&T may be ordered to "perform the duties" of Will, such as to provide Will's Schedules, Statements, Lists, etc.

On July 13, 2017 at 2:30 p.m., the Court will conduct an evidentiary hearing into Amick's efforts to act in good faith in commencing this case without at least two other creditors. (The evidence presented at this hearing might affect the Court's ruling as to the flexibility of the words of the Court's May 8, 2017 Order.)

Under 11 U.S.C. §303 (j)(2), Rules 1017(a) and 1018, no settlement that might result in dismissal of this Petition will be approved unless full disclosure of the terms thereof are provided to all parties-in-interest, along with a notice of opportunity to take up the reins of the Involuntary Petition.

SO ORDERED.

Dated:    Buffalo, New York
          June 29, 2017

                                                          s/Michael J. Kaplan
                                                                U.S.B.J.